IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TONYA O'NEAL, | ) |
| | ) |
| Plaintiff, | ) C.A. NO. _____ |
| | ) |
| V. | ) |
| | ) |
| UNICARE LIFE & HEALTH | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant UniCare Life & Health Insurance Company ("Defendant" or "UniCare") files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, and would show the Court as follows:

### Commencement and Service

1. On March 1, 2013, Plaintiff Tonya O'Neal ("Plaintiff") commenced this action against UniCare by filing Plaintiff's Complaint in the Chancery Court for Cumberland County, Tennessee, styled Cause No. 2013-CH-621, *Tonya O'Neal v. UniCare Life & Health Insurance Company*.[1]

2. UniCare was served with service of process and Plaintiff's Original Petition through the Secretary of State of Tennessee on March 5, 2013.[2]

3. This Notice of Removal is filed within thirty days of UniCare's receipt of Plaintiff's Complaint and within one year of the commencement of this action in accordance with 28 U.S.C. section 1446(b).

---

[1] *See* Exhibit A, Copy of Plaintiff's Complaint.
[2] *See* Exhibit B, Copy of Civil Citation and Return of Service on UniCare.

## Plaintiff's Allegations and Factual Background

4.      This is a case arising out of UniCare's alleged failure to pay policy proceeds to Plaintiff pursuant to UniCare life insurance policy no. GI 17-GCC ("Policy"), insuring the life of her father, Orville W. Gibson ("Insured").[3] The Policy was issued through the Insured's employer, Ford Motor Company, and had a face value of fifty thousand dollars ($50,000.00), at the time of the Insured's death.[4] Due to UniCare's alleged failure to pay proceeds, Plaintiff asserts UniCare is a holder of property and/or making claims to property that is rightfully the property of the Plaintiff.[5] By and through these claims, Plaintiff seeks to recover from UniCare purported actual damages in the amount of the life insurance policy proceeds, plus attorneys' fees and costs, and any other and further relief to which she may be entitled.[6]

## Grounds for Removal

5.      UniCare is entitled to remove the state court action to this Court pursuant to 28 U.S.C. sections 1331, 1441 and 1446, because this action is a civil action involving a federal question.

6.      UniCare is also entitled to remove the state court action to this Court pursuant to U.S.C. sections 1332, 1441 and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diversity of citizenship.

## Federal Question Jurisdiction

7.      This action is removable under 28 U.S.C. section 1441 on the basis of a federal question. The Employee Retirement Income Security Act ("ERISA") provides for federal jurisdiction where one or all of a plaintiff's claims against a defendant arise under and are within

---

[3] *See* Exhibit A at ¶¶ 3-6.
[4] *Id.*
[5] *Id.* at ¶ 8.
[6] *Id.*

the scope of 29 U.S.C. section 1132(a), the civil enforcement provision of ERISA. Congress intended for such claims brought in state court to be completely preempted by federal law and tried in federal court, and the United States Supreme Court and Sixth Circuit have ruled that ERISA broadly preempts state law claims that are related to ERISA-governed plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir. 1991) ("ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein . . . The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'"); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002) ("We have recognized the broad sweep of ERISA's preemption provision in relation to state-law causes of action based upon an improper denial of benefits, noting that 'virtually all state law claims relating to an employee benefit plan are preempted by ERISA.'") (internal citations omitted).

8. By and through this lawsuit, Plaintiff seeks to recover policy proceeds allegedly due under an ERISA-regulated insurance plan, as defined under 29 U.S.C. section 1002.[7] As such, Plaintiff's claims are exclusively maintainable under 29 U.S.C. section 1132(a). 29 U.S.C. section 1132(a) governs actions under ERISA and provides the exclusive remedy for actions related to ERISA-regulated plans. Consequently, this Court has original jurisdiction under 28 U.S.C. section 1331 and 29 U.S.C. section 1132(a).

### Diversity of Citizenship

9. This is also an action with complete diversity of citizenship between Plaintiff and Defendant.

---

[7] *See* Exhibit A at ¶ 3.

10. Plaintiff is a citizen of Tennessee.[8]

11. Defendant is a corporation existing under the laws of the state of Indiana and has its principal place of business in Illinois.[9]

12. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the parties.

## Amount in Controversy

13. It is readily apparent from a reasonable analysis of Plaintiff's allegations that the amount in controversy in the action exceeds the sum of $75,000.00. UniCare has determined, based on allegations made in the Petition, that Plaintiff seeks damages sufficient for establishing diversity jurisdiction.

14. Under 28 U.S.C. section 1332(a), a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As a general rule, the amount of damages alleged in the complaint controls, but where the plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *see also* 28 U.S.C. § 1446(c)(2)(B) (the amount in controversy requirement must be shown to be satisfied by a preponderance of the evidence). Damages claims can be aggregated to establish the jurisdictional amount requirement, including punitive damages. *Lemmon v. Cedar Point, Inc.*, 406 F.2d 94, 96 (6th Cir. 1969); *Haves v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Claims for attorneys' fees may

---

[8] *See* Exhibit A at ¶ 1.
[9] *See* Exhibit A at ¶ 2.

also be included in calculating the jurisdictional amount requirement, if the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

15. Plaintiff's causes of action against UniCare arise out of UniCare's alleged failure to pay Policy proceeds to Plaintiff, as the alleged designated beneficiary of the Policy.[10] In addition to seeking Policy proceeds in the amount of $50,000.00, Plaintiff seeks attorney fees and costs, and any other and further relief to which she may be entitled.[11] Plaintiff's Complaint is vague concerning the particular causes of action brought against UniCare. However, under Tennessee law, claims for insurance proceeds under certain causes of action may provide for treble damages and/or penalties in the sum of twenty-five percent (25%) of the amount of liability. TENN. CODE § 47-18-109; TENN. CODE § 56-7-105. Assuming Plaintiff is seeking the maximum amount of damages available under Tennessee law, it is clear on the face of the Petition that Plaintiff is seeking over $75,000.000 in damages in this case; thus providing this Court with proper diversity jurisdiction.

## Venue

16. Venue lies in the United States District Court for the Middle District of Tennessee, Northeastern Division, pursuant to 28 U.S.C. sections 1441(a) and 1446(a), because Plaintiff filed the state court action in this judicial district and division.

## Notice

17. UniCare will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. section 1446(d). UniCare will also file with the clerk of the state court and will serve upon Plaintiff's counsel a notice of the filing of this notice of removal.

---

[10] *See* Exhibit A at ¶¶ 3-6.
[11] *See* Exhibit A at ¶ 8.

### Consent to Removal

18. All defendants who have been properly served or provided notice of this suit at the time of removal seek and consent to this removal pursuant to 28 U.S.C. Section 1446(a).

### Jury Trial

19. Plaintiff has not demanded a jury trial in the state court action.[12]

### State Court Pleadings

20. Copies of all state court pleadings and orders are attached to this Notice of Removal. This case is being removed from the Chancery Court for Cumberland County, Tennessee, 60 Justice Center Drive, Crossville, Tennessee 38555.

### Exhibits to Notice of Removal

21. The following documents are attached to this Notice as correspondingly lettered exhibits:

- A. A copy of Plaintiff's Complaint;
- B. A copy of Civil Citation and Return of Service for Defendant; and
- C. A certified copy of the Civil Docket from the Chancery Court for Cumberland County, Tennessee.

### Conclusion

WHEREFORE, Defendant UniCare Life & Health Insurance Company, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. sections 1441 and 1446, removes this action from the Chancery Court for Cumberland County, Tennessee, to this Court.

**DATE: April 3, 2013.**

---

[12] *See* Exhibit A.

Respectfully submitted,

THE LAW OFFICE OF MATTHEW W. MCINTEER

By: _____
Matthew W. McInteer (TN No. 022923)
matthew@mcinteerlaw.com

2809 12th Avenue South
Nashville, Tennessee 37204
Telephone: (615) 292-2600
Facsimile: (615) 829-8440

ATTORNEY FOR DEFENDANT UNICARE LIFE &
HEALTH INSURANCE COMPANY

Of Counsel:

EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8840
tom.hetherington@emhllp.com
blaire.bruns@emhllp.com

Thomas F. A. Hetherington*
Texas State Bar No. 24007359
Blaire A. Bruns*
Texas State Bar No. 24064968

*admission documents to be filed

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 3rd day of April, 2013, on the following counsel of record by certified mail, return receipt requested:

Brett A. York
York & Bryant, PLLC
76 West 2nd Street
Crossville, Tennessee 38555

Matthew W. McInteer